**CHEN GUO, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

**No. 08–1130–ag.**

United States Court of Appeals, Second Circuit.

Nov. 4, 2008.

Peter D. Lobel, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Susan K. Houser, Senior Litigation Counsel, Jason Xavier Hamilton, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Present DENNIS JACOBS, Chief Judge, JOSEPH M. McLAUGHLIN, and DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Chen Guo, a native and citizen of the People's Republic of China, seeks review of a February 13, 2008 order of the BIA, affirming the June 19, 2006 decision of Immigration Judge ("IJ") George T. Chew,

which denied Guo's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chen Guo*, No. A200 025 498 (B.I.A. Feb. 13, 2008), *aff'g* No. A200 025 498 (Immig. Ct. N.Y. City June 19, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the findings and conclusions of the IJ and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of the IJ's decision, this Court reviews both the BIA's and IJ's opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). Questions of law and the application of law to undisputed fact are reviewed *ide novo*. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

As a preliminary matter, because Guo has failed to challenge before this Court the agency's denial of his claims for withholding of removal and relief under the CAT, and because addressing these claims does not appear to be necessary to avoid manifest injustice, we deem these claims waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

We further find that the record supports the agency's determination that Guo failed to establish eligibility for asylum. First, Guo conceded in his brief to the BIA that he was not seeking asylum based on the alleged past persecution of his parents, and he did not argue to the BIA that he personally suffered past persecution. Thus, to the extent that Guo argues before this Court that he is eligible for asylum based on past persecution, his argument is unexhausted and we decline to review it. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n. 1, 123 (2d Cir.2007).

Second, substantial evidence supports the agency's finding that Guo failed to establish eligibility for asylum based on a well-founded fear of future persecution, which requires that an applicant show a subjective fear of persecution that is objectively reasonable. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). Here, the agency determined that Guo did not demonstrate that his fear of future persecution was objectively reasonable. As the agency found: (1) Guo was never arrested, detained, threatened, or harmed in any way in China on account of his religion; (2) Guo's brother, who is also Christian, never faced any problems in China because of his religious beliefs and practices; and (3) Guo's parents, though allegedly detained and harmed by the Chinese authorities several years ago on account of their religion, have been able to continue practicing their religion in China without incurring any further problems. The agency relied on these findings, which are supported in the record, in determining that Guo had failed to establish that his fear of persecution was objectively reasonable. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir.1999) (finding that where asylum applicant's similarly situated family members continued to live unharmed in applicant's native country, claim of well-founded fear was diminished). We cannot conclude that this determination was in error.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.